1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No. 2:13-cr-00165-TLN

12                 Plaintiff,

13          v.                               **ORDER**

14    CHARLES CONNOR,

15                 Defendant.

16

17          This matter is before the Court on Defendant Charles Connor's ("Defendant") Motion for

18    Compassionate Release.  (ECF No. 138.)  The Government filed an opposition.  (ECF No. 144.)

19    Defendant filed a reply.  (ECF No. 145.)  For the reasons set forth below, the Court DENIES

20    Defendant's motion.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1        **I.       FACTUAL AND PROCEDURAL BACKGROUND**

2            On August 14, 2014, Defendant pleaded guilty to conspiracy to distribute and possess

3    with intent to distribute oxycodone in violation of 21 U.S.C. §§ 846, 841(a)(1).  (ECF No. 72.)

4    On May 12, 2016, the Court sentenced Defendant to a term of imprisonment of 78 months to be

5    followed by 36 months of supervised release.  (ECF No. 134.)  Defendant is currently serving his

6    sentence at USP Lompoc.  He has served approximately 49 months of his 78-month sentence of

7    imprisonment and his projected release date is July 4, 2021.

8            On August 28, 2020, Defendant filed the instant motion for compassionate release

9    pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 138.)  Defendant is 40 years old and claims he

10   is particularly vulnerable to COVID-19 due to his various medical conditions, including obesity,

11   hypertension, and kidney disease.  (*Id.* at 8.)  Defendant also cites his current conditions of

12   confinement as another factor in his vulnerability.  (*Id.*)  Defendant therefore requests the Court

13   reduce his term of imprisonment to time served.  (*Id.*)  In opposition, the Government argues the

14   Court should deny Defendant's motion because he has failed to demonstrate "extraordinary and

15   compelling reasons" for release, he is a continuing danger to the community, and the 18 U.S.C. §

16   3553(a) ("§ 3553(a)") factors do not support a reduced sentence.  (ECF No. 144.)

17       **II.      ANALYSIS**

18               A.       Exhaustion

19           Generally, a court "may not modify a term of imprisonment once it has been imposed."

20   18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The

21   compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the

22   general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

23                   upon motion of the defendant after the defendant has fully exhausted
                     all administrative rights to appeal a failure of the Bureau of Prisons
24                   to bring a motion on the defendant's behalf or the lapse of 30 days
                     from the receipt of such a request by the warden of the defendant's
25                   facility, whichever is earlier.

26           In the instant case, Defendant made a compassionate release request to the warden on July

27   8, 2020.  Because 30 days have elapsed since July 8, 2020, it is undisputed Defendant has met the

28   exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

B.     Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*

Defendant's medical records — filed under seal — indicate he suffers from hypertension (unspecified essential), chronic kidney disease (stage 2 mild), and obesity.  The Centers for Disease Control and Prevention ("CDC") has identified several medical conditions — including hypertension, chronic kidney disease, and obesity — that place individuals at an increased risk of severe illness from COVID-19.  *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited September 22, 2020).  The Government admits Defendant's medical conditions "involve an increased risk of severe illness from COVID-19" under the CDC guidelines.  (ECF No. 144 at 10.)  The Government emphasizes, however, that Defendant already contracted, was promptly treated for, and recovered from COVID-19 with no symptoms or apparent complications.  (*Id.*)

The Court agrees with the Government that Defendant has not shown he is unable to manage his health conditions and minimize his risks through self-care.  To the contrary, it appears USP Lompoc was capable of adequately monitoring and caring for Defendant when he was previously diagnosed with COVID-19.  It is also encouraging that Defendant recovered without

3

1   any documented symptoms or complications.  Although USP Lompoc previously experienced a

2   significant COVID-19 outbreak, the BOP currently reports zero active inmate cases of COVID-19

3   and 160 recovered inmates at USP Lompoc.  Given Defendant's recovery and the lack of active

4   COVID-19 cases at his facility, the Court cannot say that Defendant is at a great and

5   particularized risk for suffering severe illness from COVID-19 at this time.

6          For these reasons, the Court finds Defendant has not met his burden to demonstrate he is

7   subject to a serious or unrecoverable condition that substantially diminishes his ability to provide

8   self-care within a BOP facility.  *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).  As such, there are not

9   extraordinary and compelling reasons for Defendant's release.

10                  C.      Section 3553(a) Factors

11          Having found Defendant has not satisfied the "extraordinary and compelling" standard,

12   the Court need not address the § 3553(a) factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a

13   consideration of the § 3553(a) factors before granting compassionate release).  However, the

14   Court notes that the § 3553(a) factors do not support a time served sentence.  Defendant's

15   applicable guidelines range at sentencing was 97–121 months.  Prior to sentencing, the probation

16   officer considered the § 3553(a) factors and recommended a substantial downward variance to 78

17   months because of Defendant's drug addiction problems, lack of criminal history, and good

18   conduct while on pretrial supervision.  The Court ultimately followed the probation officer's

19   recommendation and sentenced Defendant to 78 months.

20          Defendant now seeks to reduce his sentence to time served despite having served only

21   approximately 49 months of his sentence.  In other words, Defendant is seeking a reduction from

22   a well-supported, below-guideline, 78-month sentence to a considerably lower 49-month

23   sentence.  The only "new" factor the Court did not — and could not — consider at the time of

24   sentencing was Defendant's health risk related to the COVID-19 pandemic.  Although the §

25   3553(a) factors specifically include the need to provide Defendant with medical care in the most

26   effective manner, it appears USP Lompoc has thus far been capable of adequately addressing

27   Defendant's medical needs.  Therefore, Defendant's medical needs do not outweigh the other §

28   3553(a) factors that support a 78-month sentence.

**III.    CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 138.)

IT IS SO ORDERED.

DATED:  September 23, 2020

Troy L. Nunley
United States District Judge